JUDGE BERMAN

14 CV 4036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIELLE JONES,

              Plaintiff,

-against-

CITY OF NEW YORK, RODNEY JILES, Individually, JOHN DOE 1, Individually, and JANE DOE 1 through 2, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

              Defendants.

**COMPLAINT**

Docket No.

RECEIVED JUN 04 2014 U.S.D.C. S.D.N.Y. CASHIERS

**Jury Trial Demanded**

---

Plaintiff DANIELLE JONES, by her attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, which are secured by these statutes and the United States Constitution.

## JURISDICTION

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6. Plaintiff DANIELLE JONES is a twenty-seven year old United States Citizen and African-American female who resides in New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, RODNEY JILES (Shield No. 3750), JOHN DOE 1, and JANE DOE 1 through 2, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

11. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

12.     On March 1, 2013, at approximately 3:00 a.m., Plaintiff Danielle Jones was lawfully present in the vicinity of 218 West 112th Street, New York, New York, when Defendants Rodney Jiles, John Doe 1, and Jane Doe 1 through 2, without any lawful justification whatsoever, unlawfully arrested and imprisoned her.

13.     Before, during, and after the defendants arrested her, Ms. Jones committed no crime or offense.  Likewise, at all times relevant to these events, Ms. Jones was not behaving in a manner that would suggest to any reasonable police officer that Ms. Jones had done anything unlawful.

14.     Prior to the defendants falsely arresting Ms. Jones, her then-boyfriend, Quincy Dunmore, had assaulted her in her home. Ms. Jones locked herself in the bathroom of her apartment to avoid further harm from Dunmore. When she heard Dunmore leave the apartment, Ms. Jones left the bathroom and observed that he took her keys and cell phone. Ms. Jones then exited her apartment building, saw Dunmore, and asked him to give her back her keys and phone.

15.     Rather than acquiesce to Ms. Jones's request for her property, Dunmore punched her, threw her to the floor, and then began strangling her while he had his knee in her chest. Almost immediately thereafter, Defendants Jiles and John Doe 1 drove by in an NYPD vehicle and saw Dunmore on top of Ms. Jones.

16.     Dunmore saw the defendants, released Ms. Jones, and crossed the street. Defendants Jiles and John Doe 1 then arrested Dunmore for assaulting Ms. Jones, and placed him inside of an NYPD vehicle.

17.     After the defendants placed Dunmore in this NYPD vehicle, Ms. Jones informed

the defendants that Dunmore had her house keys. Then, without any justification whatsoever, Defendant Jiles walked toward Ms. Jones and arrested her. Ms. Jones never ran or walked toward Defendant Jiles or the other defendants. Ms. Jones never touched or came near the defendants. Ms. Jones did nothing to suggest to any reasonable police officer that she had done anything unlawful.

18. Nevertheless, despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, Defendant Jiles placed handcuffs on Ms. Jones's wrists and unlawfully arrested her.

19. Not only did the defendants falsely arrest her, but Ms. Jones was barefoot and had glass stuck in her foot. The defendants never let her put any shoes or sox on her feet.

20. Upon handcuffing Ms. Jones, Defendant Jiles placed her in a separate NYPD vehicle that Defendants Jane Doe 1 and 2 were operating. Like Defendant John Doe 1, Defendants Jane Doe 1 and 2 witnessed Defendant Jiles falsely arrest Ms. Jones, but they did nothing to stop it, despite having every opportunity to do so. When Ms. Jones asked Defendants Jane Doe 1 and 2 if she could put something on her feet, they told her no.

21. Defendants Jane Doe 1 and 2 then transported Ms. Jones to an NYPD Precinct, where she remained unlawfully imprisoned and barefoot in a cold and filthy cell. While imprisoned in this cell, Ms. Jones asked Defendant Jiles repeatedly if she could use the bathroom, but her pleas were ignored for well over two hours.

22. During this time, Ms. Jones was menstruating, and she informed Defendant Jiles that she needed a sanitary napkin. Defendant Jiles told her that she would have to wait for a female police officer to deal with that issue. When a female police officer finally arrived and brought Ms. Jones to the bathroom, she refused to give Ms. Jones any tampons, pads, sanitary

napkins, or even tissues.

23. While in the bathroom, Ms. Jones had to remove the tampon she had because it was full. As a result, and because the defendants refused to provide her as much as a tissue, Ms. Jones had to stew in her menstrual blood in a dirty and cold jail cell while barefoot, afraid, humiliated, and deprived of her freedom.

24. Finally, in or about the later morning of March 1, 2013, Defendant John Doe 1 gave Ms. Jones a pair of sox, and the defendants transported her to the Manhattan Detention Complex, where she remained unlawfully imprisoned. Roughly three hours after arriving at the Manhattan Detention Complex, an officer finally gave Ms. Jones a maxi pad.

25. While still in her soiled shorts, Ms. Jones was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2013NY017628. These charges were filed based upon the false allegations of Defendant Jiles.

26. Defendant Jiles manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Ms. Jones at trial.

27. In the very late hours of March 1, 2013, Ms. Jones was arraigned on false charges of violating New York Penal Law § 195.05, Obstructing Governmental Administration in the Second Degree, and New York Penal Law § 240.20, Disorderly Conduct, filed under docket number 2013NY017628. Upon arraignment, the presiding Criminal Court judge released Ms. Jones on her own recognizance.

28. The defendants arrested and initiated criminal proceedings against Ms. Jones despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

29.     The defendants initiated this prosecution for the purpose of covering up their unjustified arrest of Ms. Jones.

30.     This false arrest, denial of Ms. Jones's fair trial rights, and malicious prosecution compelled her to return to the New York County Criminal Court to face these false charges on May 6, 2013, when, upon the application of the District Attorney's Office, the Criminal Court dismissed the criminal case outright and without condition.

31.     All of the events leading up to and culminating in Ms. Jones being falsely arrested occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

32.     All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

33.     The underlying false arrest, denial of the right to fair trial, and malicious prosecution is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest completely innocent individuals on sham charges of obstructing governmental administration and disorderly conduct, and engage in falsification to that end.

34. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Ms. Jones's civil rights.

35. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, discipline, and supervise them.

36. As a result of the foregoing, Plaintiff DANIELLE JONES has sustained, among other damages, physical and mental injuries, emotional distress, embarrassment, humiliation, fear and fright, and deprivation of her constitutional rights and liberty.

## CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

39. All of these aforementioned acts deprived Plaintiff DANIELLE JONES of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the individual defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the individual defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

42. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

43. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants arrested Plaintiff DANIELLE JONES without probable cause or legal privilege, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

46. The defendants caused Plaintiff DANIELLE JONES to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for her safety, humiliated, embarrassed, afraid, and deprived of her liberty.

47. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The defendants falsified the information against Plaintiff DANIELLE JONES likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

50. The defendants caused Plaintiff DANIELLE JONES to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was dismissed in the New York County Criminal Court on May 6, 2013.

51. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff DANIELLE JONES.

54. The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff DANIELLE JONES.

55. The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecution.

56. The defendants caused Plaintiff DANIELLE JONES to be prosecuted without any probable cause until all of the charges against her were dismissed outright on May 6, 2013, resulting in a favorable termination for Plaintiff.

57. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The defendants had an affirmative duty to intervene on behalf of Plaintiff DANIELLE JONES, whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

60. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

61. As a result of the foregoing, Plaintiff DANIELLE JONES was subjected to false arrest, unlawful imprisonment, denial of her right to a fair trial; her liberty was restricted for an extended period of time; she was put in fear for her safety; she was humiliated and subjected to

handcuffing, other physical restraints, and ultimately an extended period of imprisonment.

62. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

63. All of the foregoing acts by the defendants deprived Plaintiff DANIELLE JONES of federally protected rights, including, but not limited to, the right:

    A.    To be free from deprivation of civil rights and liberty;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from denial of the right to a fair trial;

    D.    To be free from malicious prosecution; and

    E.    To be free from the failure to intervene.

64. As a result of the foregoing, Plaintiff DANIELLE JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DANIELLE JONES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 4, 2014

Respectfully submitted,

THE TRAINOR LAW FIRM, P.C.
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557

By: _____
    CRAIG TRAINOR (CT 1823)

Attorney for Plaintiff DANIELLE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIELLE JONES,

        Plaintiff,

-against-

CITY OF NEW YORK, RODNEY JILES, Individually, JOHN DOE 1, Individually, and JANE DOE 1 through 2, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

        Defendants.

Docket No.

---

# COMPLAINT

THE TRAINOR LAW FIRM, P.C.
Attorney for Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557